Filed 8/17/15  P. v. Jones CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B258447 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA413335) |
| v. | |
| ANGEL MARLEY JONES, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Craig Richman, Judge.  Affirmed.

Jessica Coffin Butterick and Lisa Ferreira, under appointment by the Court of Appeal, and Angel Marley Jones, in pro. per., for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Appellant Angel Marley Jones appeals from judgment following a jury trial for second degree robbery (Pen. Code, § 211).[1] His appointed counsel filed a *Wende* brief (*People v. Wende* (1979) 25 Cal.3d 436), and appellant filed a supplemental brief in propria persona.

We view the facts of this case in the light most favorable to the People and presume in support of the judgment the existence of every fact the jury could reasonably deduce from the evidence. (*People v. Ochoa* (1993) 6 Cal.4th 1199, 1206.)

In July 2013, Carmen Salas was a passenger on a city bus when appellant boarded the bus and sat behind her. As the bus was nearing a stop at Spring and Sixth Streets, appellant reached forward and grabbed the gold chain necklace Salas was wearing. Salas tried to hold onto the chain, but she had to let go when it became too painful. Appellant pulled the chain from Salas's neck and fled through the rear door of the bus.

A surveillance camera on the bus captured the incident. The bus driver, Lia Phang, also witnessed the incident through her rearview mirror. She notified her dispatcher to contact the police. Appellant ran down the street, darting in and out of buildings including the Alexandria Hotel. He was soon pursued by police officers and a private security guard, who was working nearby. Appellant was ultimately detained inside a luggage store and Salas's necklace was found on the ground close by. Phang identified appellant at the scene as the perpetrator. The jury was shown the bus surveillance tape.

Appellant testified on his own behalf and claimed this was a case of mistaken identity. He testified he went to the Alexandria Hotel to visit his daughter when he saw someone running; this running person happened to look like appellant. Appellant acknowledged that he also ran, but testified that he was just trying to cross the street.

The jury found appellant guilty of second degree robbery. It also found that appellant had been convicted of attempted robbery in 2010, for which he served a prior prison term. In August 2014, the trial court sentenced appellant to a prison term of 11

---

[1] Subsequent statutory references are to the Penal Code.

years, consisting of: a three-year midterm for the robbery, doubled to six years as a second strike under the Three Strikes law (Pen. Code, §§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)), plus a consecutive five-year term for the prior serious felony conviction finding. The trial court stayed any sentencing on the prior prison term finding.

This timely appeal followed.

## DISCUSSION

After examination of the record, appointed appellate counsel filed an opening brief which raised no issues and requested this court to conduct an independent review of the record.

By notice filed February 20, 2015, the clerk of this court advised appellant to submit by brief or letter any contentions, grounds of appeal, or arguments he wished this court to consider. On April 16, 2015, appellant filed a supplemental letter in which he raised the claims addressed below.

Appellant claims Salas lied during her testimony about whether she saw his face. But Salas did not testify that she saw appellant as he was grabbing her chain from behind; rather, she testified that she had noticed him when he boarded the bus. Phang testified that she observed appellant grabbing Salas's necklace through her rearview mirror, and the incident also was captured on the bus surveillance camera. Appellant argues Phang testified appellant was wearing shorts, whereas a police officer testified he was wearing long pants. This is true, but Salas also testified appellant was wearing shorts, and this evidentiary discrepancy regarding appellant's pants does not mean, as he implies, that there was insufficient evidence to sustain his conviction.

Appellant also claims there was no evidence he committed any violence and, therefore, he could not have been convicted of robbery. We disagree. "Robbery is the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear." (§ 211.) "When *actual* force is present in a robbery, at the very least it must be a quantum more than that which is needed merely to take the property from the person of

3

the victim, and is a question of fact to be resolved by the jury taking into account the physical characteristics of the robber and the victim. [Citations.]" (*People v. Wright* (1996) 52 Cal.App.4th 203, 210.) "'"The degree of force used is immaterial. All the force that is required to make the offense a robbery is such force as is actually sufficient to overcome the victim's resistance . . . ."'" [Citation.]" (*People v. Lescallett* (1981) 123 Cal.App.3d 487, 491.)

Salas testified she tried to prevent appellant from taking her chain by holding onto it and exerting pressure to counteract appellant's force, but after a while the chain was choking her so painfully that she cried out and had to let go of it. Salas identified a photograph of herself which showed the injuries to her neck that had been caused when appellant seized the chain.

Finally, appellant claims he should not have been put on trial because he was found incompetent both before trial and after the jury found him guilty. The record does not so indicate. Following a pretrial psychological examination, appellant was found competent to stand trial. After his conviction, the trial court requested a second psychological assessment in order to assist it in reaching sentencing decisions, but then— at appellant's request—the trial court did not read this second report. The court did, however, assume for purposes of sentencing that appellant was suffering from a mental or physical condition that significantly reduced his culpability for the crime, but which did not rise to the level of a defense.

We have examined the entire record and conclude that no arguable appellate issue exists. (*People v. Kelly* (2006) 40 Cal.4th 106.)

4

**DISPOSITION**

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**



EPSTEIN, P. J.

We concur:



WILLHITE, J.



MANELLA, J.

5